JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Marcelino Salinas,<br><br>             Petitioner,<br><br>v.<br><br>David Rivas, et al.,<br><br>             Respondents. | No.   CV-26-00661-PHX-DWL (ASB)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] Petitioner has filed an Amended § 2241 Petition. (Doc. 5.)

**I.   Dismissal of Improper Respondents**

Petitioner names the United States Department of Homeland Security (DHS) and United States Immigrations and Customs Enforcement (ICE) as Respondents. DHS and ICE are not proper respondents in a § 2241 immigration proceeding, and the Court will dismiss them. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition.").

---

[1] In addition to his Amended Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is directing Respondents to promptly show cause why the Amended Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

## II. Petition

Petitioner challenges his present immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing his detention is prolonged and there is no significant probability of his removal in the reasonably foreseeable future. (Doc. 5.)

Alternatively, Petitioner raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. This Court has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. *See, e.g.*, *Plascencia v. Bondi*, 2025 WL 3250914 (D. Ariz. 2025). "Dozens of other courts have reached the same conclusion," although "judges across the country are not in full agreement on how this issue should be resolved." *Id.* at *2.

Furthermore, a district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *9. Notably, the only class-wide relief sought in *Bautista* is declaratory relief. *Id.* at *8 (identifying "[t]he declaratory relief requested" as "a ruling that the policy violates Petitioners' and putative class members' statutory and constitutional

rights").² On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

In light of this development, it is necessary to consider how (if at all) the entry of judgment in *Bautista* affects this action. For example, *Bautista* may implicate the so-called "first-to-file rule," which "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "In order to determine if issues are substantially similar, courts compare the relief sought in plaintiff's complaint and the relief sought in the class action." *Thakkar v. United States*, 389 F. Supp. 3d 160, 173-74 (D. Mass. 2019) (citing *Pride v. Correa*, 719 F.3d 1130, 1134 (9th Cir. 2013)). "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. . . . [D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). In light of these principles, the Court is disinclined to stay or dismiss this action based on the first-to-file rule. Not only is the remedy sought here (*i.e.*, an order compelling a bond hearing or release from custody) different from the declaratory, non-coercive relief sought in *Bautista*, but forcing Petitioner to litigate her claim for habeas relief via *Bautista* could have the perverse effect of delaying her release or receipt of a bond hearing, which is a remedy to which she appears entitled for reasons stated in *Echevarria*. Such an outcome would not be consistent with "reasons

---

² *Bautista* explains that because the requested relief is limited to "classwide declaratory relief," the requested relief "is not ultimately coercive" and does not implicate "Section 1252(f)'s prohibition of class actions." *Id.* at *7-8 (cleaned up).

of equity." *Alltrade, Inc.*, 946 F.2d at 628.  *See also Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ("[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum *whenever consistent with the rights of the parties*.  A court *may choose* not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result.") (emphases added).

For similar reasons, even assuming that Respondents might seek to invoke res judicata as an affirmative defense, it does not appear that *Bautista* would require this action to be dismissed on that basis.  Although "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation," such that "[a] judgment in favor of the plaintiff class extinguishes their claim, which merges into the judgment granting relief," *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984), there is no preclusive effect in the absence of "identical claims in the class action[] and the present case." *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001).  As discussed above, it does not appear that this case and *Bautista* involved identical claims because the certified class in *Bautista* only sought non-coercive declaratory relief.

Nevertheless, before deciding how to proceed, the Court will solicit a response from Respondents.  Respondents must show cause why the Amended Petition should not be granted.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals signed under penalty of perjury with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1)     Respondents United States Department of Homeland Security and United States Immigrations and Customs Enforcement are **dismissed without prejudice**.

(2)     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(3) Counsel for Petitioner must immediately serve the Amended Petition (Doc. 5) upon Respondents.

(4) If not already issued, the Clerk's Office must issue any properly completed summonses.

(5) The Clerk of Court must immediately transmit by email a copy of this Order and the Amended Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(6) Respondents must show cause no later than **February 9, 2026**, why the Amended Petition should not be granted.

(7) Petitioner may file a reply no later than **February 10, 2026**.

Dated this 4th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge